UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL NKEMAKOLAM,  Petitioner | : : : | |
| v. | : : : | CIVIL NO. 3:CV-05-1043  (Judge Conaboy) |
| THOMAS DECKER, ET AL.,  Respondents | : : | |

_____

## **MEMORANDUM AND ORDER**
## **Background**

Emanuel Nkemakolam, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Service of the petition was previously ordered.  Named as Respondents are the ICE, its Acting Field Office Director Thomas Decker, and the Department of Homeland Security.

Nkemakolam identifies himself as being a native and citizen of Nigeria who entered the United States as a student around 1980.  He became a lawful permanent resident in 1987.  Petitioner acknowledges that he was convicted of criminal possession of a controlled substance in the State of New York.  While serving a term of incarceration stemming from his criminal conviction, the ICE initiated removal proceedings.  An Immigration Judge ordered his removal from the United States on October 14, 1998.

1

An appeal to the Board of Immigration Appeals (BIA) was dismissed as untimely on December 23, 1998. Petitioner then filed an emergency habeas corpus petition which was assigned to Judge Munley of this Court. The emergency petition which challenged the legality of his removal proceedings was subsequently denied. See Nkemakolam v. Ridge, Civil No. 3:CV-04-1041, slip op. (M.D. Pa Nov. 16, 2004)(Munley, J.). An appeal of that decision was filed with the United States Court of Appeals for the Third Circuit. On February 11, 2005, the Third Circuit granted Petitioner's request for a temporary stay of removal. However, pursuant to an agreement of the parties, Petitioner's appeal was dismissed on August 19, 2005.

In a second § 2241 petition, Nkemakolam sought his immediate placement on supervised release on the grounds that under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001), his prolonged detention in ICE custody while awaiting deportation violated his constitutional rights. See Nkemakolam v. Decker, Civil No. 3:CV-05-893. By Memorandum and Order dated May 5, 2005, this Court referred the petition to the ICE as a request for review under 8 C.F.R. § 241.13 pursuant to the standards announced in Zadvydas.

Petitioner has now filed a third § 2241 petition which again challenges his indefinite detention pending removal. Specifically, Nkemakolam states that on May 10, 2005 he received a letter from

2

Field Director Decker advising him that the ICE's Headquarters Post Detention Unit (HQPDU)was presently unable to undertake custody review in cases such as his where a judicially ordered stay was the sole impediment to removal. Decker added that a travel document had already been issued for his removal. Nkemolam's present action contends that Decker erred by concluding that a travel document had already been issued. In addition, Petitioner asserts that regardless of the presence of any judicially ordered stay he is still entitled to immediate release because his removal to Nigeria is not likely to occur within the reasonably forseeable future.

## **Discussion**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is

3

filed." Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

    This Court contacted ICE officials at the Pike County Prison to verify that Nkemakolam was still being held at that facility. The Court was informed that removal proceedings against the Petitioner were terminated on October 11, 2005 and that he had been released from confinement.  In a status report filed on October 20, 2005 the Respondents confirmed Petitioner was granted cancellation of removal and released from ICE custody on October 11, 2005.  See Doc. 9.

    Therefore, under the principles set forth in Steffel, Nkemakolam's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.

    AND NOW, THIS   21st DAY OF OCTOBER, 2005, IT IS THEREFORE ORDERED THAT:

    1. The petition for writ of habeas corpus is dismissed as moot.

    2. The Clerk of Court is directed to close the case.

>    3.   Based on the Court's determination, there is no basis for the issuance of a Certificate of Appealability.

>                             <u>S/Richard P. Conaboy</u>
>                             RICHARD P. CONABOY
>                             United States District Judge